IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| DONNA ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. |
| UNUM LIFE INSURANCE | ) | |
| COMPANY OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. JURISDICTION AND PARTIES

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Donna Robinson (hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, Unum Life Insurance Company of America (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant Unum Life Insurance Company of America may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

6.

Defendant Unum Life Insurance Company of America negotiated, maintained and administered the disability policy at issue in this Complaint.

## II.  STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, Emory Healthcare, Inc., contracted with Defendant to provide long term disability benefits to its employees.

9.

At all times material to this action, the policy for long term disability was in full force and effect, constituting a binding contract between Defendant and Emory Healthcare, Inc.

10.

Defendant pays long term disability to covered employees of Emory Healthcare, Inc. under the Policy from its own assets.

11.

Emory Healthcare, Inc. offered long term disability benefits to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability policy.

13.

Defendant administered the long term disability plan and made all decisions as to benefits payable to eligible employees of Emory Healthcare, Inc.

14.

Under Defendant's Policy, you are disabled when Unum determines that:

3

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

15.

On or about November 9, 2020 Plaintiff ceased working in her position as a Nursing Technician II due to pain caused by disc displacement on her cervical spine and degenerative disc disease of her lumbar spine, cervical radiculopathy and lumbar radiculopathy.

16.

On August 3, 2021, Unum denied payment of any long term disability benefits.

17.

On October 26, 2021, Plaintiff attended a Functional Capacity Evaluation which found her to be at the physical demand characteristic level of below sedentary.

18.

On January 18, 2022, Plaintiff appealed Defendant's denial with the findings of the Functional Capacity Evaluation and all of her updated medical records including records showing that she is on pain medication.

19.

Plaintiff also explained that her baking company to which Defendant had referred was more of a hobby and that she does not bake every day or even every week and this certainly was not the equivalent of a full-time job performed at the medium level.

20.

On February 1, 2022, Plaintiff sent to Defendant a questionnaire from her doctor wherein her doctor stated that he reviewed the results of the Functional Capacity Evaluation and agreed with the findings and conclusions and that they were consistent with his treatment, observations and objective findings.

21.

On March 3, 2022, Defendant sent to Plaintiff a doctor's report from a Dr. Green who had reviewed the records for Defendant and stated that Plaintiff was not disabled.

22.

On March 18, 2022, Plaintiff's doctor stated that he did not agree with the restrictions and limitations of Dr. Green's position and because Dr. Green did not treat the patient that his assessments are baseless.

23.

On March 22, 2022, Plaintiff sent to Defendant her doctor's response.

24.

On March 28, 2022, Defendant upheld its denial of Plaintiff's claim based upon the findings of Dr. Green.

25.

Administrative remedies at that point were exhausted.

26.

Defendant's actions and refusing to pay benefits in light of the substantial medical information in this case are a breach of its fiduciary duty.

### III.  CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

27.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through

26 stated above.

28.

Plaintiff is entitled to long term disability benefits under Defendant's Policy for the following reasons:

    a.    These benefits are permitted under the plan;

    b.    Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

    c.    Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

29.

Defendant has refused to pay benefits despite substantial medical documentation. As a result of Defendant's failure to pay benefits to Plaintiff, she is entitled to relief as outlined below.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

    (1)    Find and hold Defendant owes Plaintiff disability benefits in the proper amount from May 12, 2021 and continuing, plus the maximum

allowable interest on all back benefits;

(2) Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(3) Grant other and further relief as may be just and proper.

This the   26th   day of July, 2022.

                ROGERS, HOFRICHTER & KARRH, LLC

                */s/Heather K. Karrh*
                HEATHER KENDALL KARRH
                Ga. State Bar No. 408379
                225 S. Glynn St., Ste. A
                Fayetteville, GA 30214
                (770) 460-1118
                hkarrh@rhlpc.com

                Attorneys for Plaintiff